UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Alex De Jesus (A-Number: 240-174-855),

Petitioner,

v.

Tonya Andrews,

Respondents.

No. 1:26-cv-08950-KES-CDB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Alex De Jesus is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. For the reasons explained below, the petition for writ of habeas corpus is granted.

**I. Background**

Petitioner is from Mexico and he entered the United States on or about December 2025. Docs. 1 at 5; 9-1 at 2. He is eighteen years old and is currently detained at Golden State Annex. *See* Doc. 1. He does not have any criminal history. Doc. 9-1 at 3. On October 7, 2026, on their way to work, petitioner and his co-workers were pulled over by ICE. Doc. 1 at 5. Petitioner alleges he was not shown a warrant. *Id.* Respondents assert that a warrant was authorized, but they have not provided any such warrant with their filings. *See* Docs. 9 at 2; 9-1. On October 15, 2026, petitioner was provided with a Notice of Custody Determination. Doc. 9-2 at 1. On October 20, 2026, petitioner was served with a Notice to Appear. Doc. 9-3 at 1–3.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

## III. Discussion

Respondents argue that petitioner "is lawfully detained pursuant to 8 U.S.C. § 1226(a) and is receiving the procedure he is entitled by law." Doc. 9 at 3. "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (citing 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1, 1003.19). But as addressed below, petitioner has not been provided with the procedural protections of 1226(a), and respondents have thus violated the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment.

### A. Immigration and Nationality Act

A noncitizen may be arrested and detained under § 1226(a) only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Petitioner asserts that respondents did not show him a warrant. Doc. 1 at 5–6. Respondents state that a warrant was authorized in these circumstances, but they have not provided a copy of the warrant or any declaration confirming

that a warrant was issued. *See* Docs. 9 at 2; 9-1 at 2. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original). On the current record, respondents have failed to show that a § 1226(a) warrant was issued for petitioner.

Additionally, the record shows that petitioner was not provided with a timely notice to appear or notice of custody determination. As one district court has explained:

> Section 1226(a) and its regulations guarantee noncitizens detained under that provision multiple levels of "substantial procedural protections" against the erroneous deprivation of their liberty. *See Jacob-Ramirez*, 2026 WL 879799, at *6 (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). These protections include, *inter alia*, the requirement that a noncitizen cannot be arrested without an administrative warrant or detained without notice of the basis for their detention through a notice to appear, both of which must be signed and served by designated immigration officers; the requirement that an ICE officer with designated authority conduct an initial custody determination at the outset of detention, wherein the noncitizen has an opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding"; and the right to seek review of an ICE officer's initial custody determination through a prompt bond hearing before an immigration judge ("IJ") based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See id.* at *6–7 (citing 8 C.F.R. §§ 236.1(c)(8); 236.1(d)(1); 287.5(d); 287.8(c)(2)(i)-(ii); 1003.19); (quoting *Rodriguez Diaz*, 53 F.4th at 1196) (citation modified).

*Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *4 (D. Nev. July 7, 2026).

First, INA's regulation states, "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizen] may be arrested and taken into custody and under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). Courts have found that a failure to issue a notice to appear charging petitioner as inadmissible prior to, or contemporaneously with, the detention of petitioner is a basis for petitioner's release. *See e.g., J.M. v. Warden of the California City Detention Facility*,

No. 1:26-cv-04364-TLN-CSK, 2026 WL 2410039, at *2 (E.D. Cal. Aug. 18, 2026) ("[A]bsent an exception, an administrative warrant must be issued prior to a noncitizen's arrest and it must be issued contemporaneously with, or subsequent to, a Notice to Appear initiating removal proceedings against the noncitizen."); *Loaeza v. Bausch*, No. 26-cv-00945-MAV, 2026 WL 2150155, at *1 (W.D.N.Y. July 27, 2026) ("[W]ithout a valid NTA in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a)."). Here, petitioner was served his notice to appear only on October 20, 2026, thirteen days *after* he was arrested and detained. *See* Doc. 9-3 at 3.

Second, ICE was required to "conduct an initial custody determination upon the noncitizen's arrest to determine whether detention or release is appropriate under § 1226(a)" and memorialize the decision on the notice of initial custody determination. *Brito v. U.S. Immigration and Customs Enforcement*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *2 (E.D. Cal. Oct. 19, 2026) (citing to 8 C.F.R. §§ 236.1(c)(8) and 236.1(g)); *see Gopie v. Lyons*, No. 25-cv-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492–93 (S.D.N.Y. Aug. 13, 2025) ("[B]efore the Government may exercise such discretion to detain a person, § 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination.") (internal quotations and citation omitted). Even when exigent circumstances allow for a warrantless arrest, the government is "required to act without 'unnecessary delay' and within 48 hours of arrest, to provide an initial custody determination, warrant, and notice to appear." *J.M.*, 2026 WL 2410039, at *3 (citing to 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.3(c)).

Here, petitioner was not provided with notice of a custody determination until October 15, 2026, eight days after he was arrested and detained. *See* Doc. 9-2 at 1. The initial custody determination must be conducted by "an ICE officer with designated authority" and the noncitizen must have "an opportunity to demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." *Garcia-Maya*, 2026 WL 1965886, at *4 (internal quotations

and citation omitted). Here, petitioner was not provided with notice of such a determination until more than a week after his arrest (*see* Docs. 9-1 at 2–3; 9-2 at 1), and there is no evidence petitioner was provided a timely opportunity to address it. Courts have found that in similar circumstances, where petitioner has not been provided timely guardrails against unjustified detention, release is the appropriate remedy. *See, e.g., J.M.*, 2026 WL 2410039, at *5.

**B. Procedural Due Process**

The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The due process clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process claims are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

First, petitioner has a clear liberty interest in securing his freedom from detention. "Protected liberty interests 'may arise from two sources—the Due Process Clause itself and the laws of the States.'" *Thompson*, 490 U.S. at 460 (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). As such, petitioner's interest arises directly from the Due Process Clause. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Foucha v. Louisiana*, 504 U.S. 71, 86 (1992) ("Freedom from physical restraint [is] a fundamental right[.]").

Second, in determining what process is due, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The Ninth Circuit has held that it is "beyond dispute" that a noncitizen's private interest is "fundamental: freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Here, the first factor weighs in petitioner's favor, as he has clear liberty interest in remaining free from detention and he has been detained without proper procedural protections. *See Garcia-Maya*, 2026 WL 1965886, at *6 (The liberty "interest is especially weighty considering the lack of process [petitioner] has received, and that was available to him, upon his arrest and throughout his detention.").

Furthermore, the risk of erroneous deprivation is high. As discussed above, the government has failed to follow its own regulatory procedural safeguards. "ICE, like any agency, 'has the duty to follow its own federal regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)). And the notice of custody determination "is especially significant because it is served on the detainee at the outset of detention and provides the formal mechanism—a box the detainee may check—to immediately request a custody *redetermination* hearing (*i.e.* bond hearing) before [an] IJ." *Garcia-Maya*, 2026 WL 1965886, at *8 (emphasis in original). Here, because petitioner was not provided with a notice of custody determination until more than a week after his detention, his custody redetermination hearing was scheduled for a date that is more than a month after he was detained. *See Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK, 2026 WL 3206205, at *2 (E.D. Cal. Oct. 26, 2026) (finding that there was a risk of erroneous deprivation where petitioner had not been provided a custody redetermination hearing until at least a month after petitioner had been detained). As such, the second factor weighs in petitioner's favor.

Lastly, "the government's interest in detaining Petitioner without providing sufficient notice and hearing is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal." *J.M.*, 2026 WL 2410039, at *5. Notice, initial custody determinations, and custody redetermination hearings are required processes under 1226(a) and its implementing regulations. Thus, the third factor does not outweigh the petitioner's liberty interest and the risk

of erroneous deprivation.

In summary, the *Mathews* factors weigh in petitioner's favor. Because respondents have failed to provide petitioner with timely procedural protections as required by their regulations, respondents violated the Due Process Clause of the Fifth Amendment.

## IV. Conclusion and Order

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Alex De Jesus (A-Number: 240-174-855) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1] Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 23, 2026

UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.